801 F.2d 395
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lavern WILSON, lqo-mo-bubd Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Appellee.
 No. 86-1529.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 15, 1986.
Decided Sept. 18, 1986.
 
 M. Lorraine Callison, for appellant.
 Christine Bradfield, Assistant Regional Counsel, Bruce R. Granger, Chief Counsel, F. Allen McDonogh, Principal Regional Counsel, Marie Ransley, Assistant Regional Counsel, Richard K. Willard, Acting Assistant Attorney General, Vinton D. Lide, United States Attorney, Henry M. Herlong, Jr., Assistant United States Attorney on brief, for appellee.
 D.S.C.
 AFFIRMED.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Levern Wilson appeals from an order of the district court affirming the decision of the Secretary of Health and Human Services to deny disability benefits. Wilson argues that the Administrative Law Judge erred by finding that Wilson could engage in a full range of sedentary work and by applying the medical vocational regulations to determine disability. 20 C.F.R. Part 404, Subpart P, App. 2 (1985). The district court rejected this contention. We affirm.
 
 
 2
 With regard to the first point, the Administrative Law Judge received conflicting reports from the physicians who examined Wilson. The Administrative Law Judge chose to accept the opinion of Dr. J. Burr Piggott, an orthopedic specialist, over contrary testimony. Such conflicts in the evidence are for the ALJ to resolve.
 
 
 3
 If agency findings are supported by substantial evidence, they are conclusive. See 42 U.S.C. Sec. 405(g). The magistrate determined that the findings of the Administrative Law Judge were supported by substantial evidence. After reviewing the record, we have determined that the district court was correct. There is substantial medical evidence that claimant possessed good range of motion in his shoulder since his operation in 1983. There is also substantial evidence that plaintiff's hip impairment does not prevent him from performing sedentary work. He has the capacity to walk for short distances and to stand for short periods.
 
 
 4
 Because Wilson has been found not to suffer from a non-exertional impairment that would significantly affect his capacity to perform sedentary work, the Secretary appropriately used the medical vocational regulations to determine Wilson's eligibility for benefits. See Smith v. Schweiker, 719 F.2d 723, 725 (4th Cir. 1984). As that finding has been properly made, HHS was not obliged, as claimant contends, to provide testimony from a vocational expert or evidence about transferable skills and alternative jobs. The decision of the district court is therefore
 
 
 5
 AFFIRMED.